KETTLER ET AL. *v.* HARRISON ET AL.

[No. 19,205. Filed May 24, 1961. Rehearing denied July 13, 1961. Transfer denied October 9, 1961.]

*Isadore D. Rosenfeld,* of South Bend, and *Alvin D. Blieden,* of Michigan City, for appellants.

*Mox G. Ruge* and *Malcolm E. Anderson,* both of Chesterton, for appellees.

PFAFF, C. J.—Appellees brought this action against appellants for a permanent injunction to prevent the building of a fence across an easement appurtenant to certain real estate owned by them in Porter County, Indiana.

The complaint averred that for more than 15 years last past appellees had sold parcels of said real estate to certain individuals who use such easement for road purposes as a means of ingress and egress to their property. That appellants were threatening to erect a fence across said roadway, and will do so unless enjoined, to the irreparable damage to the appellees and their grantees.

Appellants filed answer of admission and denial pursuant to the rules. Trial to the court resulted in finding and judgment perpetually restraining appellants from interfering with said easement.

At the outstart, we are confronted with appellees' motion to dismiss or affirm on the grounds appellants have not, by their motion for a new trial, presented a question and for defects in their brief. The motion raises some serious questions. However, we prefer to decide cases on their merits. As we understand the con-

tentions of the appellants, we overrule this motion to dismiss or affirm. Appellants' whole contention is that the evidence is not sufficient to sustain the findings of the court and is therefore contrary to law.

We have carefully examined the evidence as set out in the briefs of the parties. There is evidence from competent civil engineers and surveyors as to where the easement started. True, in some instances, there was some conflict in the testimony and contradictions in the testimony of certain witnesses. We do not believe that it would serve any good purpose to detail the evidence here. We are of the opinion that there was ample substantial evidence of probative value to sustain the judgment.

Under such circumstances we cannot disturb the judgment of the trial court. West's Indiana Law Encyclopedia, *Appeals*, §571, pp. 481, 482; West's Indiana Digest, *Appeal & Error*, §931, p. 622.

We note that neither the complaint nor the judgment of the court sets forth the township and range in which the real estate subjected to the involved easement is located. Neither of the parties to this cause has made any point of said omission. However, the record and the documentary exhibits therein show that the land is located in Section 19, Township 37 North, Range 5 West of the Second Principal Meridian, in Porter County, Indiana. Said omission no doubt went unnoticed because the court and the parties were acquainted with and knew the location of the easement in controversy. We call attention thereto only to make evident that we had not overlooked the same and that the parties may take such future action with relation thereto as they may see fit.

Judgment affirmed.

Bierly and Kelley, JJ., concur.

Gonas, J., dissents.

NOTE.—Reported in 175 N. E. 2d 43.